UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RUPA GANDHI,

                                  Docket No.:  23-cv-3709

                      Plaintiff,
    -against-                             **COMPLAINT**

AIR INDIA LIMITED,                    **JURY TRIAL DEMANDED**

                            Defendant.
-------------------------------------------------------------------X

     Plaintiff Rupa Gandhi ("Plaintiff"), by and through her attorneys The Dweck Law Firm, LLP, complains of Defendant Air India Limited ("Defendant" and/or "Air India"), and respectfully alleges to this Court as follows:

## NATURE OF THE ACTION

     1.     Plaintiff brings this action to recover damages for severe bodily injuries sustained in an accident on or about March 29, 2023 as a passenger on board Air India's international flight from John F. Kennedy International Airport in Queens, New York to Mumbai, India, as a direct and proximate result of Air India's negligence and/or carelessness, without any negligence on the part of Plaintiff or any third-party contributing thereto.

## JURISDICTION AND VENUE

     2.     Jurisdiction is proper pursuant to Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada on May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734 (the "Montreal Convention"). Jurisdiction is also proper pursuant to 28 U.S.C. §§ 1330(a) and/or 1332 because Plaintiff is a citizen of the State of New Jersey and Defendant is a citizen of a foreign country and/or is a foreign state and the amount in controversy is in excess of $75,000.00.

3. Venue is proper in this district pursuant to Article 33, Section 1 of the Montreal Convention. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because Defendant may be found in this district.

**PARTIES**

4. Plaintiff is now, and at all times hereinafter mentioned was, a United States Citizen and resident of the State of New Jersey.

5. Upon information and belief, and at all times hereinafter mentioned, Defendant Air India Limited is a foreign business corporation, registered and doing business in the State of New York, and maintains offices within the Southern District of New York.

6. Upon information and belief, and at all times hereinafter mentioned, Defendant is a commercial air carrier, with a principal place of business in India.

7. Upon information and belief, and at all times hereinafter mentioned, Defendant is a commercial air carrier engaged in International carriage and subject to the Montreal Convention.

8. Upon information and belief, and at all times hereinafter mentioned, Defendant maintains offices and conducts business at John F. Kennedy International Airport in Queens County, City and State of New York, and 570 Lexington Avenue, 14th Flr., New York, New York.

9. Upon information and belief, and at all times hereinafter mentioned, Defendant regularly conducts business in the State of New York, regularly solicits business in the United States, and derives substantial revenue therefrom and/or otherwise has invoked the benefits and protection of the laws of the United States and the State of New York.

10. The claims asserted in this action arise out of a contract of carriage for international air transportation on Defendant's aircraft from John F. Kennedy International Airport ("JFK") in

Queens, New York to Chhatrapati Shivaji International Airport ("BOM") in Mumbai, India.

### FACTUAL ALLEGATIONS

11. On or about March 29, 2023, Plaintiff purchased a ticket for carriage on Defendant's aircraft from JFK to BOM and paid the fare for such international carriage.

12. On or about March 29, 2023, Plaintiff used her ticket to board Air India Flight Number 116 from JFK to BOM (the "International Flight").

13. In the course of the International Flight, Defendant served meals and refreshments to passengers and dropped a scalding hot beverage onto Plaintiff's lap causing Plaintiff to sustain severe and permanent bodily injuries.

14. Upon reaching her final destination in India, Plaintiff received medical treatment for her bodily injuries, and continues to receive medical treatment at the present time.

15. Plaintiff's bodily injuries include multiple second degree burns and blisters, permanent scarring therefrom, pain, suffering, and mental anguish, all of which were caused solely by the negligent and/or careless acts of omission and commission by Defendant, its agents and/or servants, without any negligence on the part of Plaintiff or any third-party contributing thereto.

16. As a direct and proximate result of the negligence and/or carelessness of Defendant, its agents and/or servants as aforedescribed, Plaintiff sustained severe and permanent bodily injuries, was incapacitated from employment, suffered pain, suffering and mental anguish, and incurred expenses for medical care and treatment, all of which are continuing.

### AS AND FOR A FIRST CAUSE OF ACTION
### (For Strict Liability Pursuant to the Montreal Convention)

17. Plaintiff repeats and realleges each and every allegation contained within Paragraphs "1" through "16" of the Complaint as though more fully set forth at length herein.

18. At all times relevant hereto, Defendant was and remains a commercial air carrier engaged in International Carriage and is subject to the terms and conditions of the Montreal Convention, including, but not limited Article 17, which imposes absolute liability on carriers for damage sustained by a passenger for bodily injury upon condition only that the accident which caused the injury took place on board the aircraft.

19. On or around March 29, 2023, Plaintiff was a passenger on board Defendant's aircraft and was caused to sustain severe bodily injuries in the course of Defendant's International Flight, caused directly and solely by the negligent and/or careless acts of omission and commission of Defendant, its agents and/or servants, without any negligence on the part of Plaintiff or any third-party contributing thereto.

20. As a result of the above, Defendant is strictly liable to Plaintiff for her bodily injuries and all damage recoverable by Plaintiff pursuant to the Montreal Convention, in an amount to be determined at the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (For Negligence)

21. Plaintiff repeats and realleges each and every allegation contained within Paragraphs "1" through "20" of the Complaint as though more fully set forth at length herein.

22. At all times material hereto, Defendant, including its agents and/or servants, was and remains a commercial air carrier engaged in International Carriage, and owes Plaintiff and other passengers a non-delegable duty of care to protect Plaintiff and to ensure that Plaintiff does not sustain bodily injury or harm while on board Defendant's aircraft.

23. At all times material hereto, Defendant's obligations include training, instructing, and supervising flight crew personnel in the operation of Defendant's aircraft, including the in-

flight meal and beverage services furnished to passengers on board Defendant's aircraft, to prevent bodily injury and harm to passengers.

24. At all times material hereto, Defendant breached its duty of care to Plaintiff and was negligent and/or careless in operating the aircraft and servicing Plaintiff while on board the aircraft in the course of the International Flight.

25. Defendant's negligent acts of omission and commission include, but are not limited to, preparing and serving beverages at temperatures exceeding what is reasonable or safe for consumption by Plaintiff and other passengers in the course of the International Flight, failing to utilize lids and others safety measures to prevent scalding hot beverages from spilling on Plaintiff, failing to warn Plaintiff of the dangerously hot temperature of the beverage she was served, failing to respond to Plaintiff's in-flight complaints and requests for medical assistance immediately after she sustained severe bodily injuries, failing to administer proper first aid treatment to Plaintiff during the course of the International Flight, and failing to request immediate assistance from any other passengers with medical expertise on board the International Flight.

26. As the direct, actual, sole, and proximate cause of Defendant's aforementioned negligent acts of omission and commission, Plaintiff sustained severe and permanent bodily injuries and scars, was incapacitated from employment, suffered pain, suffering and mental anguish, and incurred expenses for medical care and treatment.

27. By reason of all of the above, Plaintiff has been damaged in a sum to be determined upon the trial of this action, for which Plaintiff demands judgment against Defendant.

**WHEREFORE**, Plaintiff Rupa Gandhi demands judgment against Defendant Air India Limited, in a sum to be determined by a jury at the trial of this action, together with interest and

the costs and disbursements of this action, and such other and further relief as this Court may deem just and proper.

**THE DWECK LAW FIRM, LLP**
*Attorneys for Plaintiff Rupa Gandhi*


By: /s/ Christopher S. Fraser
Christopher S. Fraser, Esq. (CF 7590)
1 Rockefeller Plaza, Suite 1712
New York, New York  10020
Telephone:	(212) 687-8200
Fax:		(212) 697-2521
Email:		cfraser@dwecklaw.com